**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ERIC SMITH, | : | HABEAS CORPUS |
|    Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | |
| | : | |
| J. A. KELLER, Warden, USP | : | CIVIL ACTION NO. |
| Atlanta, | : | 1:11-CV-2450-TWT-JFK |
|    Respondent. | : | |

**MAGISTRATE JUDGE'S ORDER AND
FINAL REPORT AND RECOMMENDATION**

Petitioner, Eric Smith, currently confined in the United States Penitentiary in Atlanta, Georgia, challenges via 28 U.S.C. § 2241 his conviction and sentence entered in the United States District Court for the Middle District of Georgia, United States v. Smith, No. 7:06-CR-0020-HL-TQL-2 (M.D. Ga. Dec. 18, 2007) (hereinafter "Smith"). For the purpose of dismissal, Petitioner is **GRANTED** in forma pauperis status, and the matter is before the Court for consideration of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4"), as applied to § 2241 petitions. See Rules Governing Section 2254 Cases, Rule 1(b).

Under Rule 4, federal district courts have authority to examine habeas petitions prior to any pleading by the respondent and "to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" McFarland v. Scott, 512 U.S. 849, 856,

(1994). Thus, when the district court is prohibited from granting the relief sought, it may summarily dismiss a petition. See id. For the reasons discussed below, it is recommended that this action be dismissed.

I.    **Discussion**

Based on a plea of guilty, the United States District Court for the Middle District of Georgia adjudicated Petitioner guilty of distributing more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii) (2007), and sentenced him to a 188-month term of imprisonment. Judgment, Smith.[1] Petitioner did not directly appeal or seek relief under 28 U.S.C. § 2255. See docket, Smith.

In his § 2241 before this Court, Petitioner states that he was sentenced as a career offender under U.S.S.G. § 4B1.1 but that he is actually innocent of being a career offender because his felony convictions for obstruction of an officer and attempt to commit arson are not qualifying convictions. (Doc. No. 1 at 4-5). Petitioner relies on, among other things, Johnson v. United States, _ U. S. _, _, 130 S. Ct. 1265, 1270-73 (2010) (holding that a prior Florida conviction for battery (intentional touching) does not qualify as a crime of violence for sentencing purposes under the Armed

---

[1] At the time of Petitioner's sentencing, the penalty for distributing five or more grams of cocaine base was not less than five years and not more than forty years. 21 U.S.C. § 841(b)(1)(B)(iii) (2007).

2

Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1)); Begay v. United States, 553 U.S. 137, 148 (2008) (holding that New Mexico conviction for driving under the influence of alcohol does not qualify as a crime of violence under the ACCA); and United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008) (applying Begay to determine that carrying a concealed weapon is not a crime of violence that warrants career-offender sentencing under U.S.S.G. § 4B1.1 and 2). (Doc. No. 1 at 4 and Attach. at 1-3).

Section 2241 of Title 28 gives this Court general authority to issue a writ of habeas corpus to a person detained "in violation of the Constitution or laws or treaties of the United States." Section 2255,[2] however, prohibits a federal district court from entertaining a federal prisoner's application for general habeas corpus relief under § 2241 if the applicant has not applied for, or has been denied, § 2255 relief, unless § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); Wofford v. Scott, 177 F.3d 1236, 1243 (11th Cir. 1999). The inadequate or ineffective exception (§ 2255's "savings clause") applies to a claim "when: (1) that claim is based upon a retroactively applicable Supreme Court decision; (2) the holding

---

[2]Generally, § 2255 provides the exclusive means to challenge a federal conviction and sentence. See 28 U.S.C. § 2255(e).

of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Id. at 1244.  The Eleventh Circuit has "categorically state[d], . . . that the savings clause does not apply to sentencing claims, at least not to those where the sentence imposed was within the statutory maximum." Gilbert v. United States, 640 F.3d 1293, 1315 (11th Cir. 2011) (rejecting attempt to bring a § 2241 claim that petitioner had been wrongly sentenced as a career offender under U.S.S.G. § 4B1.1).

For Petitioner, a savings clause exception under Wofford is unavailable because his 188-month sentence does not exceed the forty-year statutory maximum sentence to which he was subject for his conviction under § 841(b)(1)(B)(iii) (2007). Petitioner's claim may not be brought via § 2241, and this action should be dismissed for lack of jurisdiction.

The undersigned does not address a certificate of appealability because Petitioner is a federal prisoner proceeding under § 2241, and he is not required to seek a certificate of appealability before filing an appeal.  See Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

AO 72A
(Rev.8/82)

II.     **Conclusion**

For the reasons stated above,

It is **RECOMMENDED** that this action be **DISMISSED**.

The Clerk is **DIRECTED** to withdraw the reference to the undersigned.

**IT IS SO DIRECTED AND RECOMMENDED**, this 11th day of August, 2011.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE